Madam Clerk, please call the first case. 111-2396, Anna Zdunczyk v. Tyler, L.E.D. Counsel, please step forward. Good morning. Misty Saigon on behalf of Plaintiff Appellant. Counsel, may it please the Court. Proceed. This action arises out of a claim brought by the Plaintiff under the Workers' Compensation Act. What the Commission and the Circuit Court have done is to deny Plaintiff her right to any action for the injury she suffered that arose out of and in the course of employment with the defendant, Cardinal Building Maintenance. The clerical error in the dismissal of the first application instead of just the second application is truly ground zero for this case. Thus, the procedural history of this case is a factual basis for this appeal. Had this single event not occurred, none of the events that followed would have occurred, and we would likely not be here today. Plaintiff's attempts to correct the clerical error and have the dismissal vacated and the first case reinstated resulted in a snowball effect that landed the case here. With the statute of limitations about to run, while Plaintiff was waiting for a decision on her motion to vacate and reinstate the first case, Plaintiff filed a third application in order to protect her rights. This third application was dismissed on the basis that another application was already pending. Counsel, let me ask you a threshold question. What authority or rule can you point us to that permits a claimant to pursue multiple claims against the same employer for the same accident? Your Honor, I would point to 703010D, which gives guidance as far as what happens when several applications are filed in the case of dismissal. It provides the manner to which the cases may be assigned to the arbitrators. But does it actually, do you have any authority that it, again, permits the claimant to pursue multiple claims for exactly the same accident against the same employer? I mean, how many claims can you file? Your Honor, I don't believe that that is our argument. We believe that the rules does not specifically state that one application must be limited to one accident claim. And when the rules are read in conjunction, that in the event that several applications are filed, that they should be consolidated. All right. So the first two claims were dismissed. Is that correct? Correct. But the first application was never to be dismissed. Why didn't you just pursue a motion to reinstate the earlier claims? We did. There was just a delay in having it heard, and then there was a further delay in the ruling of, by the arbitrator on the motion, which ultimately denied the motion. If I'm reading the record correctly, 11 months had elapsed between the filing of the motion to vacate and the presentation of it. Correct? That's correct. Can you call our attention to the legitimate reasons for that? I cannot, Your Honor. I don't know exactly what occurred. We've reviewed our record. We know that the first matter, the first time it was up on January 7th, our clerking service reflected that the case had been returned to the status call. So we believe that it had not been dismissed at that time. And then it was motioned up two other times, and ultimately it was heard on November 13th. According to Arbitrator Frattiana, you motioned it up for January 7th, 08, didn't show up. You motioned it up again for April 7th, 08, and didn't present your motion. Finally presented a motion that we heard before the arbitrator on November 7th, 08, failed to present the motion again. And November 13th, you finally appeared. Could you tell me why you'd miss one, two, three court dates and nobody showing up? Other than to blame it on the clerking service? Well, that was just for the first date. As far as the subsequent dates, we do not reflect anything in our record as to what precisely happened. So that's why nothing was put forth in the briefs regarding that. Well, that's what the arbitrator put in his decision. Right. I'm not saying that we were there and heard orders from. You could see where an arbitrator could find that, you know, the case should be dismissed for want of prosecution. You just don't appear. And then the question becomes, is that an abuse of discretion? Should the commission go along with that? Right. Our argument is that the first case should have never been dismissed. So I would urge the court to take that into consideration regarding any. Ruling? Yes. Now, we don't want you to get the impression we're trying to put you on the hot seat. That's what I'm here for. Did you handle the proceedings before the arbitrator and the commission? I did not. No. Senator, you're going to get beat up. Well, let me ask you a question. I mean, there was no reason under the rules for this case to be dismissed, the original application to be dismissed for want of prosecution. Is that true? Correct. I mean, it wasn't above the red line. The rules only provide for dismissal for want of prosecution after the case is three years old. Correct. So whether you appeared or not at the time of the hearing, shouldn't it have been automatically continued three months? Yes, and that may have been our office's understanding at the time. But we did discover that it was dismissed, and that's why the motion to reinstate was filed. Okay. And is that the basis for your claim that this was dismissed as a result of a clerical error? It was because the original, it was an agreed motion between plaintiff and defendant's counsel that only the second application was to be dismissed. However, the order that was entered had both case numbers in it. So it was an inadvertent mistake on the part of drafting the order. And then the attempts to try and correct that error did not turn out in plaintiff's favor. So had that initial error not occurred, none of that. And that was per stipulation? Correct. It was an agreed motion to dismiss because two different law firms filed the first and second application. And upon our law firm's learning that the first application had been filed, we agreed to dismiss the second application and allow the first application to proceed forward. However, it was also dismissed. So is it fair to say that it was dismissed in error? Yes. And then the arbitrator only considered conduct after the dismissal in not reinstating it? Yes, that's correct. Rather than anything about the reason it was dismissed to begin with? Correct. And also, I believe the arbitrator cited that the motion itself was not in compliance with the rule. And, of course, that rule for reinstatement is set up for the dismissal of cases that are more than three years old. Because it shouldn't have been dismissed if it was less than three years old. Correct. Correct. I believe the case was about a year old. Did you allege in your motion to reinstate that it was a clerical error which caused the original dismissal? We did not, not in the original motion. Doesn't the rule require that, that you state a reason why the case should be reinstated? Certainly a clerical error would seem to have been. Correct. We stated that it had been dismissed for want of prosecution. We did not put that it had been in error. Because I believe at the time of filing the motion, we weren't sure exactly what happened. It appeared that it had been in error. But we simply did not state that in the motion, which is required. And I believe we did try to attempt to correct the deficiencies in our motion. Perhaps you can summarize the points that you want to make. I know we've thrown a lot of questions at you. Yes, I'm just trying to find my place now. I'm sorry. Our position is essentially that Rule 720B does not state that an accident or claim must be limited to a single application. It only states that an application must be limited to one accident or claim. And read in conjunction with Rule 7030.10d, which specifically contemplates the filing of multiple actions against the same defendant for the same injuries. Thank you. I have nothing further unless there's more questions. You will have time on your bottle. Okay. Thank you. Thank you. Good morning, Honors. Good morning, Counsel. My name is Derek Storm. I represent Cardinal Building Maintenance and the cause of action before you today. Thank you for taking the time to hear me. There's basically, from the Cardinal Building Maintenance's perspective, there's three issues to be addressed today. One is the jurisdiction of this Court to actually hear this appeal. Does the Court possess the jurisdiction? It's our position you do not. And I'll explain why in a few minutes. The second issue is, was the decision of the Commission to deny the reinstatement of the first two duplicate filings an abuse of discretion? It's our position that it was not. And, again, I'll explain in a few minutes why. The third issue to be addressed today is whether the efficacy of the dismissal of the third duplicate application. Third application, same date of accident against the same employer. To answer the Justice's question about whether there's any authority that you can file multiple applications for the same date of accident against the same employer, the answer is no. In fact, the Commission found just the contrary when interpreting its rules. And that will be the third issue that I address with the Court today. On the jurisdiction issue, I don't need to inform your learned Court of the rules regarding an appeal. Thirty days from the decision of the Circuit Court or 30 days from the final post-trial motion decided by the Circuit Court. So what happened in this particular case? March 17, 2011, the Circuit Court issued its decision affirming all of the actions of the Commission. April 18, 2011, the plaintiff files a motion for reconsideration. I submit to you that it's a defective motion for reconsideration, both substantively and procedurally. Substantively is defective because a motion for reconsideration must allege new law, new facts, or new arguments, which the trial court disregarded or wasn't brought to their attention. The motion filed herein raised no new law, no new facts, no new arguments. It was merely a recitation. Let me ask you a threshold question. Did the trial court feel that it was defective? Did the trial court find that it was defective, as you're alleging? On the procedural side, yes. The procedural defective is that Judge Tomari has a standing rule regarding both the length of the motions and the spacing of the motions. So on the procedural side, he struck it the first time around for that reason. So Judge Tomari gave them leave to file a new motion for reconsideration, which they did file. Again, the second motion for reconsideration was defective. I submit to you for the same reasons. Substantively, it raised nothing new. Procedurally, this time it violated the spacing requirements of the judge's standing order. So the second motion for reconsideration was stricken by Judge Tomari. Eventually, a decision was made regarding the motion for reconsideration. It was denied on July 19, 2011. The appeal to this court was not filed then until August 18, 2011, five months after the original decision, 150 days. Within 30 days of the last post-trial trial. Correct, Your Honor. Within 30 days of the denial of the petition for reconsideration. So why can't she hang her head on that? She can't. It's really up to this court as to whether you want to condone the use of a motion for reconsideration as a means to simply re-argue your case and prolong the appeal period. I would submit to you that in the Yasmin case, which is a First District Appellate Court case, the court said, no, you can't do that. If you're filing a motion for reconsideration which extends your period for appeal, it must be a valid motion for reconsideration. It can't be something just to buy you more time and give you a second bite at the apple. For no new reason. And that's what the Yasmin court said. I submit to you that obviously it's within your discretion, your purview, as to whether you want to condone this type of behavior or not. We ask that you do not. We ask that you send a message to the legal community that a motion for reconsideration is to be used for the valid purposes stated, which is to raise new arguments, new facts, new case law which was not brought, which could not have been brought to the judge during the original proceeding. On denial of the petition for reinstatement, the issue is whether the commission abused its discretion in denying the reinstatement of these cases. Let me ask you a question. Yes, sir. This first application, do you agree that it was an error for it to be dismissed for want of prosecution to begin with? I don't mean to be quibble with you. I submit you mean the second application. First application should have remained. Second application was a duplicate filing. It's the first one that I think they claim was dismissed as a result of a clerical error. Correct. Do you agree with that? Not that it was dismissed as a result of a clerical error. I agree it was dismissed. We don't know why it was dismissed. Okay. Here's my point. 7020.60 sets up the monthly status calls. If a case is not above the red line, less than three years old, it's automatically continued for three months. Agreed? Agreed. So is there any circumstance under the commission's rules under which an application would be dismissed if it's less than three years old for not appearing because the petitioner's attorney did not appear at the status call? If the case was set for trial and the attorney didn't appear, even if it's less than three years. Then this case was not set for trial. You're correct, Your Honor. You asked me if there was any circumstance. Right. Right. So what's happened here is this first application gets dismissed for want of prosecution, even though it should have been continued for three months. The petition to reinstate deals with cases dismissed for want of prosecution. The only provision in the rules for cases being dismissed for want of prosecution for failure to appear are cases more than three years old. So why does the petitioner have to comply with rules on petitions to reinstate when it's clear that this case was dismissed and error to begin with? Because there'd be no other way to have a formal proceeding as to reinstate the case. If it was as simple as the Court is outlining, the petitioner, plaintiff, could have included all that in their motion to their petition for reinstatement, which they did not. Their motion for reinstatement was simply a generic motion that says it was dismissed, we want it reinstated, and it didn't come even close to meeting the very four simple requirements. There's no complaint on its face of the record though that this case, that application, should never have been dismissed for want of prosecution. Was it dismissed for want of prosecution or was it dismissed in error as part of an agreed order? I would submit that Judge Hoffman is probably a more accurate representation of what happened. The thing is, Judge, we don't really know because when it came time 11 months after the dismissal to have the hearing on the reinstatement, the petitioner had the opportunity to present evidence on this issue. And the case law is very subtle in this area. The burden of proof is on the petitioner to establish facts which justify the reinstatement of the case. And number two is that it's within the sound discretion of the commission when weighing that evidence, either to grant or deny the petition for reinstatement. And number three, that the decision of the commission on that issue, petition for reinstatement, will not be disturbed by this Court unless it's an abuse of discretion. Those are the three subtle principles as articulated by the Supreme Court in Cranfield. Well, it could be argued, couldn't it, that it's an abuse of discretion not to reinstate a case that you never should have dismissed to begin with? Well, that's what they're arguing. So, yes, it could be argued. I agree that it could be argued. It's not an unreasonable argument.  It could be argued. So what is an abuse of discretion? The definition is would any reasonable person agree with what the commission did? Now, when you have an arbitrator, three commissioners in the circuit court all agree. I submit to you, and the commissioners, as you know, are all from different political stripes, different political everything. All three of them agreed that this was not an abuse of discretion. So I submit that it can hardly be said that it's an abuse of discretion when all of those individuals agree. Even if it was dismissed for clerical error, assuming for the sake of the arguendo, as it were, it was dismissed for clerical error, it wouldn't rescue counsel from all of the other problems subsequently. Yes. And it doesn't rescue them from their own actions subsequent to the dismissal. And that, I think Justice Offen pointed those out. But I think they bear repeating. There was two bases that the commission denied the reinstatement. One is it didn't meet the rules, and two is that they didn't diligently prosecute the petition for review. So here's what happened after the petition for review. January was 5. Petition for reinstatement. I'm sorry. Thank you, Judge. Petition for reinstatement. January 7, 2008. They set it up for hearing. They don't appear. I appear. I cost my client money by appearing. They don't appear. Just cavalierly, no show up. This becomes a pattern throughout the case. You appeared to argue against the petition? At that point in time, Judge, I probably would have agreed. One month after dismissal, at all candor with the court, I probably would have agreed to the reinstatement, provided that I had my client's permission. It's not my decision. It's my client's permission. Let me ask you a question, Mr. Storm. Had they appeared on January 7, 2008, and the arbitrator denied the motion to reinstate, is there any question in your mind we would have reversed that for an abuse of discretion? Excellent question, Your Honor. Your Honor, knowing what you know about us. That's a loaded question. On its face, the petition is defective. There's four rules for a petition to be valid. One is it must be in writing. Two, it must state a reason why it was dismissed and a reason why it should be reinstated. Three, it must contain the date on which you're to present it. And four, it must show that it was served on all parties. The petition is right here. It's in the record. C-109-111. Look at it for yourself. It doesn't even come close to that. It's in writing. That's the only requirement that it meets. It doesn't set forth a reason why the case was dismissed or a reason why it should be reinstated. It doesn't set forth that it was the date that it's going to be presented. It doesn't set forth that it was served. In fact, it's not even signed. There's no proof of service on this. These are simple rules. We're not trying to make something difficult to get a case reinstated. We're just saying, give us the basics, guys, and then we'll reinstate the case. So the answer is, I don't think it would have been an abuse of discretion if the employer denied it because the petition itself is defective. But you add to that this litany of not showing up. And what I'm getting at is April 7, 2008, case is set for hearing. They don't show up again. I show up again. I cost my client money. Between April of 2008, November of 2008, they do absolutely nothing. Seven months, the case is languished there. November 7, 2008, it's set for hearing. I show up. It's their motion. They don't show up again. Three times they don't show up. Three times I have to charge my client for my appearance. So what happens? I'm too afraid. They noticed all those motions as well, correct? I'm sorry, your name? They noticed those motions? They noticed them all. This is their motion. Apprentice Frediani, they want to point the finger and say Apprentice Frediani did something wrong. Apprentice Frediani on November 7, 2008 says, no, I don't want to do this without them here. I'm going to continue it to November 13, 2008. I said the wrong date. November 7, 2008, the apprentice says, I don't want to have this hearing without them here. So she continues it on her own motion to November 13, 2008 to give them a chance to finally come in and present their case. And they come in and they have no explanation. They choose not to engage in an evidentiary hearing. And they merely just argue that it was a clerical error and the case should be reinstated. Nothing. So what I submit to you is that for both reasons. Won't you argue it was not a clerical error at that juncture? I would argue I have no idea why it was dismissed, your Honor. And that's why we have evidentiary hearings. And that's what the purpose of that November 13, 2008 hearing was for. For them to bring in some evidence, something, to show it to the arbitrator. Here's why it was dismissed. Here's why it shouldn't have been dismissed. But I would even move that back further. That should have been in their pleadings. That should have been something they pled out. And then have the hearing that's consistent with their pleadings. Not merely just say, mistakes happen, reinstate a judge. Don't worry about us waiting around for 11 months and not showing up at three hearings. So I submit to you that the commission's finding that the petition is defective, is in compliance with the rules, and that the failure to diligently prosecute this petition for reinstatement is consistent with prior decisions of the Supreme Court, Bromberg to be exact, where a 14-month delay in filing a perfectly perfected petition for review was the denial of that petition for review was affirmed by the only Supreme Court. The last issue that we have to address today is the efficacy of the dismissal of the third application. This is the third application against the same employer for the same date of accident. The standard for reviewing this is whether the commission's interpretation of their own rules was commonsensical. In looking at all the rules, the totality of the rules, did it make sense? And as this Court knows, the instructions to the appellate court are to give deference to the administrative agency such as the commission in interpreting its own rules. They have to live day-to-day with these rules. They have to be the ones that have the authority to enforce them. Actually, what we do is we give deference to them when we want to affirm them. We give them no deference when we want to reverse it. That's kind of the way it works with all administrative stuff, isn't it? Counsel, your time is up. Thank you, Your Honor. I appreciate the opportunity to speak today. Counsel, I'm not sure if I may be mistaken, but did you state your name for the record? I did, Misty Saigon. Okay, thank you. In regards to counsel's first argument regarding the jurisdictional issue, I would just like to point out that the Illinois Supreme Court has ruled that time we filed post-trial motions told the 30-day period under Illinois Supreme Court Rule 303A for filing a notice of appeal. Thank you, counsel. In addition, I would also like to point out that there was a delay in presenting the motion to reinstate. However, I would also like to point out that the arbitrator's decision didn't come until nine months after the hearing had taken place, in which time the plaintiff's statute of limitations had run, which is why the third application had been filed on behalf of plaintiff in an effort to preserve her rights had plaintiff's motion to reinstate been denied, which is ultimately what did occur. And while that motion was still pending, a different arbitrator dismissed the third application. So essentially, plaintiff, the statute of limitations had run. She lost out on the motion to reinstate. So she was left with no viable cause of action. And that's all I have. Okay. Thank you. Any questions? Thank you, counsel. Thank you, counsel, for your arguments. This matter has been taken under advisement. Written disposition shall issue.